1

2

3                                                                   O

4

5                                               NO JS-6

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   JEFFREY TOLLETTE, an          )   Case No. CV 13-04272 DDP (FFMx)
     individual,                   )
12                                 )   ORDER GRANTING DEFENDANTS' MOTION
                     Plaintiff,    )   TO DISMISS PLAINTIFF'S COMPLAINT
13                                 )
          v.                       )   [Dkt. 11]
14                                 )
     JPMORGAN CHASE BANK NA; U S   )
15   BANK NATIONAL ASSOCIATION,    )
                                   )
16                   Defendants.   )
     _____)
17

18        Presently before the Court is Defendants' Motion to Dismiss

19   Plaintiff's Complaint (the "Motion"). For the reasons stated in

20   this order, the Motion is GRANTED.

21   **I. Background**

22        Plaintiff Jeffrey Tollette ("Plaintiff") brings this action

23   against Defendants JP Morgan Chase, N.A. and U.S. Bank, N.A.[1]

24   ("Defendants"), alleging various causes of action relating to the

25   foreclosure of the single family residence located at 926 W.

26

27   _____

28        [1]Plaintiff erroneously sued U.S. Bank as "Bank of America."
     All references to Bank of America in the Complaint are therefore
     deemed to refer to U.S. Bank.

1   Hillcrest Blvd., Monrovia, CA 91016 (the "Property"). (Complaint ¶

2   6.)

3       On November 15, 2006, Plaintiff executed a promissory note in

4   the amount of $855,000 (the "Loan") on the Property. (Id. ¶ 12.)

5   The original lender of the note was Fieldstone. (Id.) However, at

6   some point Fieldstone transferred its assets, including the Loan,

7   to EMC, a subsidiary of Bear Stearns. (Id. ¶ 13.) Plaintiff alleges

8   that shortly after EMC obtained the Loan, it sold or transferred

9   the Loan through a process known as "QSPE Bank Securitization."

10  (Id. ¶ 14.)

11      On March 16, 2008, Defendant Chase acquired all of Bear

12  Stearns' loans. (Id. ¶ 17.) Plaintiff alleges that this occurred

13  after EMC transferred its interest in the Loan through the QSPE

14  Bank Securitization. (Id. ¶ 16.) As a result, Plaintiff alleges

15  that Chase did not own the Loan at any time because EMC no longer

16  owned the Loan when it transferred its loan interests to Chase.

17  (Id. ¶¶ 16, 18.)

18      On or about February 14, 2008, "Defendant"[2] recorded a Notice

19  of Default against the Property. (Id. ¶ 20.) Plaintiff alleges that

20  he attempted on several occasions to obtain evidence from Chase

21  that it was the holder in due course of the note on the Loan, but

22  Plaintiff never received any validation that Chase was the holder.

23  (Id. ¶¶ 24-25.) Plaintiff then mailed a "rescission letter

24  regarding tender" and a Qualified Written Request to Chase. (Id. ¶¶

25  25-26.)

26

27  _____

    [2]Presumably Plaintiff means "Chase" here, but it is unclear
28  from the pleadings, since Plaintiff refers only to "Defendant" in ¶
    20 of the Complaint.

2

1    Chase purportedly sold the Property to U.S. Bank without a
2    valid security interest in the Property on September 9, 2010. (Id.
3    ¶ 27.) Plaintiff claims that this sale was therefore invalid. (Id.)
4    Plaintiff also alleges that Chase failed to properly consider a
5    loan modification or other alternatives to foreclosure prior to
6    foreclosing on the Property in violation of Cal. Civ. Code §
7    2923.5.[3] (Id. ¶¶ 22-23, 32.)

8    Plaintiff alleges six causes of action arising out of these
9    facts: (1) wrongful foreclosure; (2) negligence against Chase; (3)
10   negligence against U.S. Bank; (4) fraud; (5) unfair business
11   practices in violation of Cal. Bus. & Prof. Code § 17200; and (6)
12   quiet title. (Id. ¶¶ 28-54.) Defendants have moved to dismiss
13   Plaintiff's complaint for failure to state a claim on which relief
14   can be granted pursuant to Rule 12(b)(6). (Dkt. 11.)

15   **II. Legal Standard**

16   A complaint will survive a motion to dismiss when it contains
17   "sufficient factual matter, accepted as true, to state a claim to
18   relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.
19   662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,
20   570 (2007)). When considering a Rule 12(b)(6) motion, a court must
21   "accept as true all allegations of material fact and must construe
22   those facts in the light most favorable to the plaintiff." Resnick
23   v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint
24   need not include "detailed factual allegations," it must offer
25   "more than an unadorned, the-defendant-unlawfully-harmed-me

26

27   _____
28   [3]Plaintiff erroneously refers to "CC § 2925.5" in ¶ 23 of the
     Complaint. The Court assumes that Plaintiff intended to refer to
     Cal. Civ. Code § 2923.5, which Plaintiff does in ¶ 32.

accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

A. Wrongful Foreclosure[4]

Defendants argue that Plaintiff's claim for wrongful foreclosure should be dismissed for three reasons. First, they argue that Plaintiff fails to allege tender of the amount due on the Loan. Second, they argue that California law does not require

---

[4]Defendants claim in their reply that Plaintiff does not oppose Defendant's Motion with respect to the wrongful foreclosure cause of action. While Plaintiff does not include a specific section of his opposition brief addressing this cause of action, the Court construes Plaintiff's section entitled "II. Plaintiff States Valid Causes of Action Because Chase Does Not Own the Loan as Issue" as opposing dismissal of the wrongful foreclosure cause of action.

possession of the note in order to institute a non-judicial foreclosure. Third, they argue that they fully complied with the requirements of Cal. Civ. Code § 2923.5, and that even if they did not, the remedy for a violation of that code section is only postponement of the foreclosure sale.

Plaintiff offers no argument in opposition to Defendants' tender argument. Defendants are correct that Plaintiff fails to allege tender, a threshold requirement for bringing a wrongful foreclosure claim. See Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112 (1971); Alicea v. GE Money Bank, 2009 U.S. Dist. LEXIS 60813, *7-8 (N.D. Cal. 2009).

Even were Plaintiff able to allege tender or the Court were to excuse such a requirement, Defendants' second argument also warrants dismissal of this cause of action. Plaintiff alleges that "EMC in fact sold or transferred the Loan through a process commonly referred to as 'QSPE Bank Securitization'" and that "Chase acquired plaintiff's Loan only to the extent such Loan was (at that time) owned by EMC, which it was not." (Complaint ¶¶ 14, 18.) Plaintiff argues that, as a result, Chase did not have the authority to initiate foreclosure proceedings. (Id. ¶¶ 30-31.)

While it is true that if Chase did not have any interest in the Loan, it would not have the power to foreclose on the Property, Plaintiff premises his assertion that Chase did not own an interest in the Loan on the fact that the Loan was securitized by EMC prior to Chase's acquisition of EMC's loan interests. However, "[t[he argument that parties lose their interest in a loan when it is assigned to a trust pool has ... been rejected by many district courts." Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d

1092, 1099 (E.D. Cal. 2010); <u>see also</u> <u>Hafiz v. Greenpoint Mortgage</u>

<u>Funding, Inc.</u>, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); <u>Chan</u>

<u>Tang v. Bank of America, N.A.</u>, 2012 WL 960373, at *7 (C.D. Cal.

2012). "It does not follow that any of the other entitlees of

the lender of the Deeds of Trust, including the power to declare

default, are transferred or lost because of the transfer or sale of

the cash flow due from the mortgage." <u>Jones v. Countrywide</u>

<u>Homeloan</u>, 2011 WL 2462845 (E.D. Cal. 2011). Therefore, Plaintiff's

allegation that EMC no longer held an interest in the Loan after

securitization is contrary to law and implausible. Absent

additional facts regarding the particular securitization process

utilized here that would establish that EMC in fact completely

transferred its interest in the Loan to a trust pool, Chase

acquired EMC's remaining interest in the Loan, including the power

to declare default and initiate the foreclosure process. <u>See</u>

<u>Nardico v. J.P. Morgan Chase and Co.</u>, 2013 WL 1856683, at *6 (N.D.

Cal. 2013).[5] Therefore, the Court GRANTS the Motion and dismisses

Plaintiff's wrongful foreclosure claim WITHOUT PREJUDICE. Plaintiff

may amend only if he can plead specific facts demonstrating why the

---

[5]Furthermore, it appears that Chase did not itself conduct the foreclosure proceedings on the Property. The documents provided to the Court regarding the foreclosure process for the Property indicate that T.D. Service Company, substitute trustee for the Loan, filed the Notice of Default and the Notice of Trustee's Sale. Under Cal. Civ. Code § 2924(a)(1), a "trustee, mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process. <u>See</u> <u>Hafiz</u>, 652 F. Supp. 2d at 1043 ("Quality, as the undisputed trustee under the deed of trust, has the right to initiate non-judicial foreclosure proceedings."); <u>Lomboy v. SCME</u> <u>Mortgage Bankers</u>, 2009 WL 1457738, at *5 (N.D. Cal. 2009) ("The trustee has the power and the duty to initiate foreclosure proceedings on the property upon the trustor's default, resulting in a sale of the property."). Therefore, T.D. Service Company had the authority as the trustee to conduct foreclosure proceedings.

loan securitization process used here is atypical such that the
usual rule that a lender retains an interest in the securitized
loan does not apply.

To the extent that Plaintiff bases his wrongful foreclosure
claim on Cal. Civ. Code § 2923.5, Plaintiff fails to oppose
Defendants' argument that Defendants fully complied with the
obligations under that code section and that, even in the event
that Defendants' actions were deficient, the sole remedy for a
violation of § 2923.5 is postponement of the foreclosure sale.
Mabry v. Superior Court, 185 Cal. App. 4th 208, 223 (2010). Because
Plaintiff does not oppose Defendants' arguments here, the Court
GRANTS Defendants' Motion WITH PREJUDICE as to any cause of action
under Cal. Civ. Code § 2923.5.

B. Negligence

Defendants argue that Plaintiff's second and third causes of
action for negligence fail as a matter of law because Plaintiff
does not and cannot plead that Defendants owed Plaintiff a duty of
care.

In order to state a claim for negligence, a plaintiff must
show: (1) defendant owed plaintiff a legal duty, (2) defendant
breached the duty, (3) defendant's breach was the actual and
proximate cause of plaintiff's injury, and (4) damages. Merrill v.
Navegar, Inc., 26 Cal. 4th 465, 477 (2001). In California, as a
general rule, "a financial institution owes no duty of care to a
borrower when the institution's involvement in the loan transaction
does not exceed the scope of its conventional role as a mere money
lender." Nymark v. Heart Fed. Savs. & Loan Ass'n, 231 Cal. App. 3d
1089, 1096 (1991).

7

1    Plaintiff argues that because Chase has no right to enforce

2  the Loan, the rule that a lender owes no duty of care to a borrower

3  should be disregarded. However, because the Court has determined

4  that Plaintiff's pleadings are deficient in failing to plausibly

5  plead facts showing that Chase did not obtain EMC's lender rights,

6  Plaintiff's argument is unavailing. Therefore, the Court GRANTS the

7  Motion with respect to Plaintiff's negligence claims WITHOUT

8  PREJUDICE.

9    C. Fraud

10   In California, the elements of fraud are (1)

11 misrepresentation, (2) knowledge of falsity, (3) intent to induce

12 reliance, (4) justifiable reliance, and (5) damages. Agosta v.

13 Astor, 120 Cal. App. 4th 596, 603 (2004). When pleading a fraud

14 claim, Rule 9(b) requires the party alleging fraud to state with

15 particularity the circumstances constituting the fraud. Fed. R.

16 Civ. Proc. 9(b).

17   Defendants argue that Plaintiff's claim for fraud is not

18 sufficiently pled because (a) the circumstances of the

19 misrepresentations are not pled with specificity, (b) Plaintiff

20 cannot show that any representation made by either Defendant was

21 false, and (c) Plaintiff cannot allege that he justifiably relied

22 on the alleged misrepresentation and thereby suffered harm.

23   Plaintiff's complaint does not contain specific factual

24 allegations sufficient to satisfy the requirements of Rule 9(b).

25 Plaintiff merely states that "Chase continues to misrepresent that

26 it was in fact the owner of the Loan and in fact had the authority

27 to foreclose on plaintiff's home." (Complaint ¶ 44.) This

28 allegation does not state with any specificity when such

1  misrepresentations were made to Plaintiff, the person who made the

2  allegedly false statements, or the form that such

3  misrepresentations took. <u>See, e.g.</u>, <u>Neubronner v. Milken</u>, 6 F.3d

4  666, 672 (9th Cir. 1993) ("The complaint must specify such facts as

5  the times, dates, places, benefits received, and other details of

6  the alleged fraudulent activity."). Further, Plaintiff pleads no

7  facts demonstrating how he relied on the alleged misrepresentations

8  to his detriment. As a result, Defendants' Motion is GRANTED as to

9  this cause of action WITHOUT PREJUDICE. Plaintiff may amend his

10  complaint to provide specific facts regarding the alleged

11  misrepresentations and how he relied on those misrepresentations to

12  his detriment. Plaintiff will also need to demonstrate that Chase's

13  alleged misrepresentation that it owned an interest in his loan was

14  false.

15      D. <u>Violation of Cal. Bus. & Prof. Code § 17200</u>

16      Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair

17  or fraudulent business act or practice." This cause of action is

18  typically derivative of other wrongful or illegal conduct.

19  Plaintiff appears to base his § 17200 claim on his fraud claim.

20  Because the Court has determined that Plaintiff's other causes of

21  action, including his claim for fraud, should be dismissed for

22  failure to state a claim, there are no remaining underlying causes

23  of action that may be used as a basis for Plaintiff's § 17200

24  claim. Further, Plaintiff does not allege that Defendants' acts,

25  while not technically illegal, were nevertheless "unfair" because

26  they "violate[] established public policy or [are] immoral,

27  unethical, oppressive or unscrupulous." <u>McKell v. Washington</u>

28

1   Mutual, Inc., 142 Cal. App. 4th 1457, 1473 (2006). Therefore, the

2   Court GRANTS the Motion with respect to this cause of action.

3        E. Quiet Title

4        Defendants argue that Plaintiff's claim to quiet title without

5   alleging tender should be dismissed. As noted above, Plaintiff

6   fails to allege tender, which means that his claim fails. In

7   addition, Plaintiff fails to oppose the dismissal of this cause of

8   action. This failure may be deemed consent to granting the motion.

9   Therefore, this cause of action is dismissed.

10  **IV. Conclusion**

11       For the foregoing reasons, the Court GRANTS the Motion and

12  DISMISSES all causes of action. Plaintiff may amend his complaint,

13  but only to the extent that he can plead sufficient facts to

14  correct the deficiencies identified in this order. Any amended

15  complaint must be filed, in accordance with the Clerk's Office

16  procedures, by February 4, 2014.

17

18  IT IS SO ORDERED.

19

20

21  Dated:January 21, 2014

22                              DEAN D. PREGERSON
                                United States District Judge

23

24

25

26

27

28