1  DAVID D. PIPER, CASB No. 179889
   david.piper@kyl.com
2  RYAN S. LEAN, CASB No. 272036
   ryan.lean@kyl.com
3  KEESAL, YOUNG & LOGAN
4  A Professional Corporation
   400 Oceangate, P.O. Box 1730
5  Long Beach, California  90801-1730
   Telephone:    (562) 436-2000
6  Facsimile:    (562) 436-7416

7
   Attorneys for Defendants
8  JPMORGAN CHASE BANK, N.A. and U.S.
   BANK NATIONAL ASSOCIATION, as trustee for
9  STRUCTURED ASSET SECURITIES
   CORPORATION, MORTGAGE PASS-THROUGH
10 CERTIFICATES, SERIES 2006-BC6, erroneously
11 sued as BANK OF AMERICA, N.A.

12

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15

16 JEFFREY TOLLETTE, as an individual,  ) Case No. LA CV 13-04272 DDP (FFMx)
                                        )
17                        Plaintiff,    ) **DEFENDANTS' MEMORANDUM OF**
                                        ) **POINTS AND AUTHORITIES IN**
18          vs.                         ) **SUPPORT OF THEIR MOTION TO**
                                        ) **DISMISS PLAINTIFF'S COMPLAINT**
19 JP MORGAN CHASE, N.A.;               )
20 BANK OF AMERICA, N.A.;               ) Date:    April 7, 2014
   DOES 1 THROUGH 10,                   ) Time:    10:00 a.m.
21                                      ) Place:   Courtroom 3
                          Defendant.    )
22                                      )
23 _____)

24

25                          **I.**

26                    **INTRODUCTION**

27          On January 21, 2014, this Court granted the Motion to Dismiss filed by

28 Defendants JPMORGAN CHASE BANK, N.A. ("Chase") and U.S. BANK

   NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ASSET

                                    KYL_LB1710778

1  SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES,

2  SERIES 2006-BC6, erroneously sued as BANK OF AMERICA, N.A. ("U.S. Bank")

3  (together, "Defendants").  The Court's Order provided Plaintiff Jeffrey Tollette

4  ("Plaintiff") the opportunity to amend his complaint, "but only to the extent he can

5  plead sufficient facts to correct the deficiencies identified in [the Court's] order."

6  (Order Granting Defendants' Motion to Dismiss Plaintiff's Complaint, Dkt. 27 (the

7  "Order"), p. 10.)  Plaintiff's First Amended Complaint ("FAC") reasserts the first four

8  causes of action pleaded in the initial Complaint, recycles the same argument and does

9  not include new facts sufficient to correct any of the deficiencies identified in the

10  Court's Order.   Accordingly, Defendants respectfully request that the Court grant their

11  Motion to Dismiss Plaintiff's First Amended Complaint with prejudice.

12

13                                            **II.**

14                                        **FACTS**

15          The following pertinent facts were either alleged in the FAC or are

16  contained in judicially-noticeable documents attached to the Request for Judicial Notice

17  ("RJN") filed concurrently with this Motion:

18          •       The real property at issue in the FAC is commonly known as

19  926 West Hillcrest Boulevard, Monrovia, California 91016.  (FAC ¶ 6.)

20          •       Plaintiff and his wife, Florence A. Tollette, obtained title to the

21  Subject Property by a Grant Deed recorded on November 15, 2006 with the Los

22  Angeles County Recorder's Office as instrument number 20062527652.  (RJN, Ex. 1.)

23          •       Plaintiff and Ms. Tollette obtained a residential loan in the amount

24  of $855,000 (the "Subject Loan") secured by a deed of trust (the "DOT") encumbering

25  the Subject Property.  The DOT was recorded on November 15, 2006 with the Los

26  Angeles County Recorder's Office as instrument number 20062527653.  The DOT

27  identifies Plaintiff and Ms. Tollette as the borrowers, Mortgage Electronic Registration

28  Systems ("MERS") as the beneficiary, and Fieldstone Mortgage Company

KYL_LB1710778

("Fieldstone") as the lender.  (RJN, Ex. 2; FAC ¶ 12.)

- • On February 14, 2008, a Notice of Default and Election to Sell the Subject Property under the DOT (the "NOD") was recorded in the Los Angeles County Recorder's Office as instrument number 20080268228.  The Notice of Default confirmed that the Loan would be $37,636 in arrears as of February 19, 2008.  (RJN, Ex. 3.)

- • On May 14, 2008, a Substitution of Trustee was recorded in the Los Angeles County Recorder's Office as instrument number 20080855040.  This Substitution of Trustee identified T.D. Service Company as the new trustee under the DOT. (RJN, Ex. 4.)

- • On December 10, 2008, a Notice of Trustee's Sale ("NOTS") was recorded with the Los Angeles County Recorder's office as instrument number 20082172416.  The NOTS confirms that the Subject Property would be sold on January 7, 2009, at 11:00 a.m. at the west side doors to the Los Angeles County Court Building at 12720 Norwalk Blvd., Norwalk, California.  The NOTS indicates that the estimated amount of unpaid balance and other charges owed in connection with the Loan was $941,995 as of December 5, 2008.  (RJN, Ex. 5.)

- • On May 28, 2010, MERS, the initial beneficiary under the DOT, assigned all beneficial interest under the DOT to Bank of America, National Association, as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2007-FS1 ("Bank of America").  This Assignment of Deed of Trust was recorded with the Los Angeles County Recorder's office as instrument number 20100974690 on July 16, 2010.  (RJN, Ex. 6.)

- • On June 8, 2010, a second Notice of Trustee's Sale (the "Second NOTS ") was recorded with the Los Angeles County Recorder's office as instrument number 20100774365, confirming that the Subject Property would be sold on July 7, 2010, at 11:00 a.m. at the west side doors to the Los Angeles County Court Building at

1   12720 Norwalk Blvd., Norwalk, California.  The Second NOTS indicates that the

2   estimated amount of unpaid balance and other charges owed in connection with the

3   Loan was $1,032,242 as of June 3, 2010.  (RJN, Ex. 7.)

4

5                                         **III.**

6                                     **ARGUMENT**

7   **A.    STANDARD FOR A MOTION TO DISMISS.**

8          Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant

9   may move to dismiss a claim for failure to state a claim upon which relief can be

10  granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible

11  on its face."  *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial

12  plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable

13  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*,

14  556 U.S. 662, 678 (2009).  However, "[t]hread-bare recitals of the element of a cause of

15  action, supported by mere conclusory statements, do not suffice."  *Id.*, quoting

16  *Twombly*, 550 U.S. at 555.  Nonetheless, assuming the veracity of well-pleaded factual

17  allegations, the Court must "determine whether they plausibly give rise to an

18  entitlement to relief."  *Iqbal*, 556 U.S. at 679.  This determination is context specific,

19  but "[f]actual allegations must be enough to raise a right to relief above the speculative

20  level" on the assumption that all of the complaint's allegations are true.  *Twombly*,

21  550 U.S. at 555.

22  **B.    PLAINTIFF FAILS TO ALLEGE FACTS TO SUPPORT THE**

23  **ELEMENTS OF A "WRONGFUL FORECLOSURE" CAUSE OF**

24  **ACTION.**

25         Plaintiff has again failed to state a cause of action for wrongful

26  foreclosure, despite being given another opportunity to do so.  The thrust of Plaintiff's

27  wrongful foreclosure claim continues to be that "Chase did not own the loans [*sic*] or

28  corresponding notes [*sic*] at the time it instituted foreclosure," and, therefore, "did not

1    have the right to declare default, cause notices of default to be issued or recorded, or

2    foreclose on plaintiff's interest in the Property."  (FAC ¶ 30.)[1]  These allegations have

3    no merit.

4           As a threshold issue, Plaintiff's claim must be rejected because he has not

5    tendered or alleged an ability to tender the debt he owes on the Subject Loan.  In order

6    to bring a claim for wrongful foreclosure, plaintiff must make a credible, full, and

7    unambiguous tender of the debt owed on the mortgage. *Karlsen v. Am. Sav. & Loan*

8    *Ass'n*, 15 Cal. App. 3d 112 (1971).  "When a debtor is in default of a home mortgage

9    loan, and a foreclosure has taken place, the debtor must allege credible tender of the

10    amount of the secured debt to maintain a cause of action for wrongful disclosure."

11    *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *7–8 (N.D. Cal. July 16,

12    2009).  In fact, the Court confirmed this basic principal in its Order, noting that alleging

13    tender is "a threshold requirement for bringing a wrongful foreclosure claim."  (Order,

14    p. 5.)

15           Here, Plaintiff's failure to allege tender in the FAC is fatal to his claim.

16    The total amount of the unpaid debt on the Subject Loan at the time the second Notice

17    of Trustees' Sale was recorded was $1,032,242.  (RJN Ex. 6.)  Plaintiff has not alleged

18    that he is willing and able to satisfy his unpaid debt on the Subject Loan.  Accordingly,

19    based on clear legal authority and this Court's Order, Plaintiff's wrongful foreclosure

20    claim should be dismissed.

21           Plaintiff's wrongful foreclosure claim also fails because it is based on the

22    erroneous premises that (1) Chase conducted the foreclosure proceedings and (2) a

23    party must have possession of the note to institute nonjudicial foreclosure.

24

25 ────────────────────

26 [1] These allegations are merely a rehashing of the allegations in the initial Complaint—in some instances, verbatim—that the Court already found insufficient to constitute a

27 cause of action for "wrongful foreclosure." *Compare, e.g.*, FAC ¶¶ 30-33 *with*

28 Plaintiff's Complaint ¶¶ 30-33.

           KYL_LB1710778

1    First, as the Court points out in the Order, the judicially-noticeable title

2  documents reflect that T.D. Service Company—not Chase—signed and recorded the

3  critical foreclosure documents in this case.  For instance, the NOD was signed by an

4  individual affiliated with T.D. Service Company acting "as agent for the Trustee."

5  (RJN Ex. 3.)  Similarly, the NOTS and Second NOTS were signed by employees of

6  T.D. Service Company, "as said Trustee, as Authorized Agent for the Beneficiary," and

7  were recorded at the request of T.D. Service Company.  (RJN Exs. 5 and 7.)  This is

8  critical because California Civil Code section 2924(a)(1) provides that a "trustee,

9  mortgagee or beneficiary or any of their authorized agents" may conduct the

10  foreclosure process.  CIV. CODE § 2924(a)(1).  Thus, even accepting as true Plaintiff's

11  allegation that Chase lacked the power to conduct foreclosure proceedings, Plaintiff's

12  FAC fails to address the possibility that foreclosure proceedings were properly

13  conducted by the trustee, T.D. Service Company.  Indeed, it is clear from the recorded

14  title documents attached to the RJN that the trustee initiated and pursued nonjudicial

15  foreclosure here, as it was permitted to do under Civil Code section 2924.

16    Furthermore, as the Court confirmed in its Order, "the argument that

17  parties lose their interest in a loan when it is assigned to a trust pool has … been

18  rejected by many district courts."  (Order, p. 5.)  *See also Lane v. Vitek Real Estate*

19  *Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); *Jensen v. Quality Loan*

20  *Serv. Corp.*, 702 F. Supp. 2d 1183 (E.D. Cal. 2010) ("California law does not require

21  possession of the note as a precondition to non-judicial foreclosure under a Deed of

22  Trust.") (quotations omitted); *Benham v. Aurora Loan Servs.*, 2009 U.S. Dist. LEXIS

23  91287 *19 (N.D. Cal. Sept. 30, 2009) (rejecting as a "moot and distracting point" the

24  argument that "defendants lost their power of sale pursuant to the deed of trust when

25  the original promissory note was assigned to a trust pool").  Thus, being the "holder in

26  due course" of the note is irrelevant to a nonjudicial foreclosure proceeding, and the

27  alleged securitization of the note in this case does not invalidate the foreclosure process.

28  //

1   The Court's Order specified that Plaintiff's amended wrongful foreclosure

2   claim would fail *unless* Plaintiff "can plead specific facts demonstrating why the loan

3   securitization process used here is atypical such that the usual rule that a lender retains

4   an interest in the securitized loan does not apply."  Simply put, Plaintiff has failed to

5   plead any such facts, and it is apparent that no such facts exist.  Accordingly, Plaintiff's

6   wrongful foreclosure claim should be dismissed with prejudice for this additional

7   reason.

8   **C.    PLAINTIFF'S SECOND AND THIRD CAUSES OF ACTION FOR**

9   **NEGLIGENCE FAIL BECAUSE DEFENDANTS DID NOT OWE**

10  **PLAINTIFF A DUTY OF CARE.**[2]

11  To state a claim for negligence, a plaintiff must show that:  (1) the

12  defendant owed the plaintiff a legal duty, (2) defendant breached the duty and, (3) the

13  breach proximately and legally caused (4) plaintiff's injuries.  *Merrill v. Navegar, Inc.*,

14  26 Cal. 4th 465, 477 (2001).  It is well-established in California that, as a general rule,

15  "a financial institution owes no duty of care to a borrower when the institution's

16  involvement in the loan transaction does not exceed the scope of its conventional role

17  as a mere lender of money."  *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App.

18  3d 1089, 1096 (1991).  Courts also apply this rule to loan servicers.  *See, e.g.*, *Lindsay*

19  *v. Am.'s Wholesale Lender*, 2012 U.S. Dist. LEXIS 4071, *1071 (C.D. Cal. Jan. 10,

20  2012) (noting that acting in the capacity of loan servicer imposes no legal duty of care

21  on the servicer, and where no legal duty was assumed by the servicer and no special

22  relationship existed, a negligence claim fails).  Furthermore, "parties to a contractual

23  relationship, such as a mortgagor and mortgagee, cannot bring a tort claim [for

24  _____

25  [2] Plaintiff's Second Cause of Action is alleged against Chase and Does 1–5.  Plaintiff's

26  Third Cause of Action is alleged against "BofA [Bank of America] and Does 1–5."

Plaintiff has erroneously named Bank of America as a defendant in this case.  To the

27  extent Plaintiff's Third Cause of Action may be construed as a cause of action against

28  U.S. Bank, it should be dismissed for the reasons set forth below.

KYL_LB1710778

1   negligence] unless a legal duty independent of the contract itself has been violated."
2   *Gaitan v. Mortg. Elec. Registration Sys.*, 2009 U.S. Dist. LEXIS 97117 *22–*23 (C.D.
3   Cal. Oct. 5, 2009)); *see also Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85,
4   102–03 (1995).

5           Plaintiff's FAC again fails to allege any facts establishing that the general
6   rule that financial institutions do not owe a duty of care to borrowers should be
7   disregarded here.  There is nothing unusual about the relationship between Plaintiff, on
8   one hand, and Chase or U.S. Bank, on the other hand.  In these circumstances, case law
9   is clear that the lender and servicer do not owe duties of care to the borrower.  As a
10  result, Plaintiff cannot establish the critical first element of his causes of action for
11  negligence.

12          Furthermore, it is axiomatic that Plaintiff cannot plead a breach of a duty
13  of care without first pleading the existence of a duty, which he cannot do here for the
14  reasons identified above.  Thus, Plaintiff's Complaint is deficient with respect to each
15  element of the cause of action, but those deficiencies flow from the basic fact that
16  Defendants did not owe a duty of care to Plaintiff.  Accordingly, Plaintiff's Second and
17  Third Causes of Action for negligence should be dismissed with prejudice.

18      **D.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR "FRAUD"**
19          **FAILS.**

20          The elements of a California fraud claim are:  "(1) misrepresentation (false
21  representation, concealment or non-disclosure); (2) knowledge of the falsity; (3) intent
22  to defraud, i.e. to induce reliance; (4) justifiable reliance; and (5) resulting damage."
23  *Nadan v. Homesales, Inc.*, 2011 U.S. Dist. LEXIS 89946, at *22–23 (E.D. Cal.
24  Aug. 12, 2011) (citing *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996)).  Plaintiff must
25  plead and prove in full, factually and specifically, all of the elements of the cause of
26  action."  *Conrad v. Bank of Am.*, 45 Cal. App. 4th 133, 156 (1996).  There must be a
27  showing "that the defendant intended to induce the plaintiff to act to his detriment in
28  reliance upon the false representation" and "that the plaintiff actually and justifiably

1  relied upon the defendant's misrepresentation in acting to his detriment." *Id.* at 157.

2          Plaintiff's fraud claim fails because (1) he has not pleaded facts in the FAC

3  sufficient to satisfy the heightened pleadings requirements of Federal Rule of Civil

4  Procedure 9(b) for fraud claims, (2) he has not demonstrated that the alleged

5  representation by Chase that it owned an interest in his loan was false, and (3) he has

6  not pleaded any facts demonstrating how he relied on any alleged misrepresentation.

7  Each of those deficiencies was brought to Plaintiff's attention in the Court's Order, yet

8  Plaintiff has failed to remedy any of them in his FAC.

9          In dismissing Plaintiff's fraud claim without prejudice in the Order, the

10  Court found that Plaintiff's complaint did not contain specific factual allegations

11  sufficient to satisfy the requirements of Rule 9(b) because "Plaintiff merely state[d] that

12  'Chase continues to misrepresent that it was in fact the owner of the Loan and in fact

13  had authority to foreclose on plaintiff's home.'" (Order, p. 8.)  Despite this finding,

14  Plaintiff reasserted his fraud claim without supplementing his complaint with

15  additional, specific allegations of fraud.  Instead, he simply repeated his general

16  allegation that Chase initiated foreclosure proceedings without authority, and,

17  remarkably, repeated the same allegation (quoted above) that the court found

18  insufficient to support a claim for fraud.  (*See* FAC ¶ 44.)  Plaintiff's allegation

19  regarding "Bank of America's" fraudulent conduct—*i.e.*, that Bank of America

20  "continues to assert that it is the owner of Plaintiff's property because it purchased it

21  from Chase"—is equally deficient.  (*Id.*)  These allegations, like those in the initial

22  complaint, fail to provide any details regarding the alleged recurring misrepresentation,

23  such as who made the representation, when it was made, or whether it was made in

24  writing or orally.

25          The FAC includes the new allegations that Plaintiff has attempted to

26  contact Defendants to obtain information about "the status" of the loan and "request

27  proof of actual endorsement [of the note] to Chase," and that Plaintiff has been denied

28  this information.  (FAC ¶ 45.)  These vague allegations are devoid of any specific facts

about the alleged requests for information and the denial of those requests.  More importantly, they are not allegations of any misrepresentation or otherwise fraudulent conduct.  Thus, none of the allegations in the FAC support a cause of action for fraud, and Defendants respectfully request that Plaintiff's fraud claim be dismissed with prejudice on that basis.

Plaintiff's fraud claim should also be dismissed because Plaintiff cannot show that any representation by Chase or U.S. Bank regarding its authority to foreclose on the Subject Property was false.  In fact, as demonstrated above in response to Plaintiff's wrongful foreclosure cause of action, Defendants did (and do) have this authority.  The Court's Order informed Plaintiff that upon amendment of his complaint, he would need to demonstrate that Chase's alleged misrepresentations were false. (Order, p. 9).   Plaintiff has failed to do so, and his fraud claims should be dismissed for this additional reason.

Finally, Plaintiff's fraud claim should be dismissed for the additional reason that he has failed to allege facts establishing Defendants "intended to induce the plaintiff to act to his detriment in reliance upon the false representation," and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment."  *Conrad*, 45 Cal. App. 4th at 157.  Even though the Court's Order informed Plaintiff that his initial complaint was deficient in this regard, Plaintiff failed to even attempt to remedy this deficiency in the FAC.  The FAC states no facts supporting an allegation that Defendants intended to induce Plaintiff to act to his detriment in reliance on any alleged misrepresentations, or that Plaintiff in fact acted in reliance on any alleged misrepresentation.[3]

---

[3] In fact, Plaintiff does not even appear to make a conclusory allegation that he relied on any alleged misrepresentation by Defendants, although he does generally state that, "as a result of defendants' fraudulent conduct, plaintiff has suffered and will continue to suffer compensatory, general and special damages."  (FAC ¶ 47.)

KYL_LB1710778

1    For each of the foregoing reasons, Defendants respectfully request that

2  Plaintiff's cause of action for fraud be dismissed with prejudice.

3

4                                    **IV.**

5                               **CONCLUSION**

6    Each cause of action against Defendants fails to state facts sufficient to

7  constitute a cause of action, and there exists no reasonable possibility that Plaintiff will

8  cure these defects upon further amendment of his complaint.  For that reason,

9  Defendants respectfully request that the Court dismiss the FAC with prejudice.

10

11

12  DATED:  March 6, 2014                 s/Ryan S. Lean_____
                                         DAVID D. PIPER
13                                       RYAN S. LEAN
                                         KEESAL, YOUNG & LOGAN
14                                       Attorneys for Defendants
                                         JPMORGAN CHASE BANK, N.A. and U.S.
15                                       BANK NATIONAL ASSOCIATION, as
                                         trustee for STRUCTURED ASSET
16                                       SECURITIES CORPORATION, MORTGAGE
                                         PASS-THROUGH CERTIFICATES, SERIES
17                                       2006-BC6, erroneously sued as BANK OF
                                         AMERICA, N.A.
18

19

20

21

22

23

24

25

26

27

28

KYL_LB1710778