O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY TOLLETTE, an individual, | ) Case No. CV 13-04272 DDP (FFMx) ) |
| Plaintiff, | ) ORDER GRANTING IN PART ) DEFENDANTS' MOTION TO DISMISS |
| v. | ) PLAINTIFF'S FIRST AMENDED ) COMPLAINT ) |
| JPMORGAN CHASE BANK NA; U S BANK NATIONAL ASSOCIATION, | ) [Dkt. 33] ) ) |
| Defendants. | ) ) |

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"). For the reasons stated in this order, the Motion is GRANTED IN PART.

**I. Background**

Plaintiff Jeffrey Tollette ("Plaintiff") brings this action against Defendants JP Morgan Chase, N.A. and U.S. Bank, N.A.[1] ("Defendants"), alleging various causes of action relating to the foreclosure of the single family residence located at 926 W. Hillcrest Blvd., Monrovia, CA 91016 (the "Property"). (FAC ¶ 6.)

---

[1] Plaintiff erroneously sued U.S. Bank as "Bank of America." All references to Bank of America in the Complaint are therefore deemed to refer to U.S. Bank.

On November 15, 2006, Plaintiff executed a promissory note in the amount of $855,000 (the "Loan") on the Property. (Id. ¶ 12.) The original lender of the note was Fieldstone. (Id.) However, at some point Fieldstone transferred its assets, including the Loan, to EMC, a subsidiary of Bear Stearns. (Id. ¶ 13.) Plaintiff alleges that shortly after EMC obtained the Loan, it sold or transferred the Loan through a process known as "QSPE Bank Securitization" or another similar process that separated the Loan into multiple parts. (Id. ¶ 14.)

On March 16, 2008, Defendant Chase acquired all of Bear Stearns' loans. (Id. ¶ 17.) Plaintiff alleges that Chase did not acquire the rights to the Loan, however, because the Loan "was never endorsed by the correct party providing such rights, including foreclosure rights." (Id. ¶ 16.) Plaintiff alleges that only a partial interest in the Loan was actually negotiated and sold to the trust pool, not the entire mortgage. (Id. ¶ 19.)

On or about February 14, 2008, "Defendant"[2] recorded a Notice of Default against the Property. (Id. ¶ 20.) Plaintiff alleges that Chase never had any rights to foreclose on the Property because under California Commercial Code § 3203(d), if a transferor purports to transfer less than the entire instrument, then negotiation of the instrument does not occur. (Id. ¶ 22.)

Plaintiff alleges that he attempted on several occasions to obtain proof from Chase that it had standing to foreclose on the Property, but Plaintiff never received any substantive response.

---

[2] Presumably Plaintiff means "Chase" here, but it is unclear from the pleadings, since Plaintiff refers only to "Defendant" in ¶ 20 of the FAC.

2

(Id. ¶ 23.) Plaintiff eventually sought rescission of the Loan based on the fact that "Chase was unable to validate its standing as the holder in due course of the Note." (Id. ¶ 26.) Chase purportedly sold the Property to U.S. Bank without a valid security interest in the Property on September 9, 2010. (Id. ¶ 27.) Plaintiff claims that this sale was therefore invalid. (Id.)

The Court previously dismissed Plaintiff's original complaint without prejudice. (Docket No. 27.) Plaintiff has now filed the FAC, which alleges four causes of action: (1) wrongful foreclosure; (2) negligence against Chase; (3) negligence against U.S. Bank; and (4) fraud. (Id. ¶¶ 28-47.) Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6). (Docket No. 33.)

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a

3

"formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**[3]

    A. Wrongful Foreclosure

The Court previously dismissed Plaintiff's cause of action for wrongful foreclosure because Plaintiff's facts did not support the plausible conclusion that the entity that initiated foreclosure proceedings on the Property lacked the authority to do so.[4] The Court granted Plaintiff leave to amend to allege facts regarding why the securitization process in this case differs from the usual

---

[3] The Court notes that Plaintiff's opposition to the Motion was filed two days late after Defendants had already filed a Notice of Non-opposition. (See Docket Nos. 39, 40.) Further, Plaintiff made no attempt to obtain leave of the Court to file his late opposition. However, the Court does not grant the Motion solely on this basis and instead addresses the merits of the Motion.

[4] The Court also noted Plaintiff's failure to allege tender. (Docket No. 27, p. 5.) Plaintiff continues to fail to allege tender in his FAC. However, even were the Court to excuse this threshold requirement, the FAC still fails to state a claim.

4

situation in which a lender retains an interest in the securitized loan. (Docket No. 27, p. 6-7.)

Plaintiff continues to premise his wrongful foreclosure claim on his allegations that Chase did not own the rights to the Loan because EMC transferred any rights it had in the Loan to a trust pool prior to Chase's acquisition of EMC's loans. Plaintiff has failed to provide any specific facts that would support a plausible claim that the securitization of the Loan resulted in EMC, and later Chase, losing the ability to foreclose on the Property. Plaintiff argues that his plain allegation that "Chase is not the Lender" (Opp. to Mtn., Docket No. 40, p. 3) should be sufficient to survive the Motion. However, not only is it not required that Chase be a "lender" in order to initiate foreclosure proceedings, but the underlying facts as pleaded by Plaintiff support a finding that Chase *did* acquire the right to foreclose when it acquired EMC's loans. Therefore, Plaintiff cannot overcome the weight of authority holding that securitization does not deprive a lender of the authority to initiate non-judicial foreclosure proceedings. See, e.g., Lane v. Vitek Real Estate Indus. Corp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); Chan Tang v. Bank of America, N.A., 2012 WL 960373, at *7 (C.D. Cal. 2012); Nardico v. J.P. Morgan Chase and Co., 2013 WL 1856683, at *6 (N.D. Cal. 2013). As a result, Plaintiff's wrongful foreclosure claim is DISMISSED WITH PREJUDICE.

B. Negligence

In order to state a claim for negligence, a plaintiff must show: (1) defendant owed plaintiff a legal duty, (2) defendant

5

breached the duty, (3) defendant's breach was the actual and proximate cause of plaintiff's injury, and (4) damages. <u>Merrill v. Navegar, Inc.</u>, 26 Cal. 4th 465, 477 (2001). In California, as a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere money lender." <u>Nymark v. Heart Fed. Savs. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991).

The Court previously dismissed Plaintiff's negligence claim because Plaintiff failed to plead facts supporting a plausible claim that Chase did not have the right to foreclose on the Property and, as a result, that the rule that an ordinary lender owes no duty of care to an ordinary borrower should not apply. (Docket No. 27, p. 8.) Upon amendment, Plaintiff fails to cure that deficiency. However, Plaintiff pleads additional facts suggesting that he wishes to premise his negligence claim against Chase not merely on the foreclosure itself, but also on Chase's failure to answer Plaintiff's inquiries regarding the Loan. (<u>See</u> FAC, ¶¶ 23-25, 36-38.) Neither Defendants nor Plaintiff provide any argument regarding this issue in their papers on this Motion. As a result, the Court GRANTS the Motion to the extent that Plaintiff's negligence claim is based on the foreclosure itself and DISMISSES the claim WITH PREJUDICE. However, the Court does not determine whether the FAC is sufficient with respect to Plaintiff's negligence claim to the extent that the claim is based on Chase's failure to respond to Plaintiff's inquiries regarding the Loan. Therefore, a portion of this claim survives as to Chase.

C. <u>Fraud</u>

The elements of fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages. Agosta v. Astor, 120 Cal. App. 4th 596, 603 (2004). When pleading a fraud claim, Rule 9(b) requires the party alleging fraud to state with particularity the circumstances constituting the fraud. Fed. R. Civ. Proc. 9(b).

The Court previously dismissed Plaintiff's fraud claim because Plaintiff failed to plead facts supporting his fraud claim with the specificity required under Rule 9(b) and because Plaintiff's complaint did not support a plausible claim that any of Defendants' representations to Plaintiff were false. Plaintiff's factual allegation in the FAC fare no better. Plaintiff repeats his allegation that "Chase continues to misrepresent that it was in fact the owner of the Loan and in fact had the authority to foreclose on plaintiff's home," which is identical to Plaintiff's original allegation in this regard. (FAC ¶ 44.) Plaintiff appears to further allege that the "process of the purported foreclosure sale" is itself the misrepresentation because Defendants falsely represented that they had authority to foreclose on the Property. (Id. ¶ 45.) This allegation offers at least a modicum of specificity; however, the Court need not decide whether this pleading satisfies Rule 9(b), as the claim fails for another reason. The Court has already determined that Plaintiff fails to allege a plausible claim that Chase did not have authority to foreclose on the Property. Therefore, Plaintiff's allegation that the foreclosure itself was a "misrepresentation" is not plausible. As a result, Plaintiff's fraud claim is DISMISSED WITH PREJUDICE.
///

**IV. Conclusion**

Plaintiff was previously granted leave to amend to allow him to plead facts demonstrating that the securitization process used for the Loan was atypical such that it is plausible that Chase lost the right to foreclose on the Property. Plaintiff failed to plead sufficient facts to support this theory. Because Plaintiff did not correct this specific deficiency, previously identified by the Court, it is appropriate for the Court to DISMISS Plaintiff's claims WITH PREJUDICE. However, as noted, Plaintiff's negligence claim against Chase survives the Motion to the extent that the claim is based on Chase's failure to respond to Plaintiff's inquiries regarding the Loan because the parties did not address this issue in their papers on the current Motion.

IT IS SO ORDERED.

Dated: April 17, 2014

DEAN D. PREGERSON
United States District Judge

8